## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-132-DRH |
| | ) |
| | ) |
| MADISON COUNTY REGIONAL | ) |
| OFFICE OF EDUCATION | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff Mary Parker by and through her attorneys Rhode & Jackson, P.C., and for her Complaint states as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1991, as well as the Equal Pay Act, 29 U.S.C. 201 et seq. ("EPA") to correct unlawful employment practices and to provide appropriate relief to Mary Parker who was adversely effected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(b)(1) and (3), 42 U.S.C. § 1981(a), 29 U.S.C. § 206(d) and 215(a)(3), and 42 U.S.C. § 1988.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b), in that Defendant resides in the Southern District of Illinois and all or substantially all of the events or omissions

giving rise to the claims occurred in this district.

3.  All conditions precedent to jurisdiction have occurred or been complied with.  To wit:

a)  Plaintiff filed a Charge of Discrimination based on Sex with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2008 and received her Notice of Dismissal and Right to Sue on December 1, 2009, a copy of which is attached hereto as Exhibit A.

b)  On May 4, 2009, Plaintiff filed an additional Charge of Discrimination with the EEOC based on Retaliation and Wage Discrimination.  The EEOC has concluded its investigation to the second charge and indicated to Plaintiff that a Notice of Dismissal and Right to Sue is being issued; a copy of which will be filed upon receipt by counsel.

## PARTIES

4.  Plaintiff Mary Parker ("Parker") is a female citizen of the United States who resides in Granite City, Illinois.

5.  Defendant Madison County Regional Office of Education ("MCROE") is a governing body of the public school systems located in Madison County, Illinois.

6.  MCROE is an employer as that term is defined under the definition of Title VII and the EPA.

7.  Dr. Robert Daiber ("Daiber") is Regional Superintendent of Schools for MCROE.

## GENERAL FACTS

8.  Parker was hired by MCROE in August 1997.

9.  Parker held various positions with MCROE until she was offered the position of Youth Advocate for the Truant's Alternative Program in 2001.

10.     The Truant's Alternative Program is a grant funded program.

11.     Parker's starting salary as a Youth Advocate in 2001 was approximately $26,500.

12.     The Youth Advocate positions are ten (10) month contracts.

13.     Brian McGivern ("McGivern"), male, was hired by MCROE in September 1995 as a teacher.

14.     In August 2004, McGivern was transferred by MCROE into the position of Youth Advocate for the Truant's Alternative Program.

15.     McGivern's position as Youth Advocate was substantially similar to Parker's.

16.     McGivern performed the same job duties as Parker.

17.     McGivern had the same supervisor as Parker.

18.     In May 2007, Parker discovered information that there was a large discrepancy between her pay and that of McGivern.

19.     In May 2007, Parker approached Daiber regarding the discrepancy in her pay and McGivern's.

20.     Daiber confirmed to Parker that there was a discrepancy between her salary and that of McGivern's, a male.

21.     Daiber told Parker that she deserved a substantial raise and he would take care of adjusting her salary.

22.     In November 2007, after still not having received a salary increase, Parker again approached Daiber about her salary.

23.     On this occasion, Daiber told Parker that the budget was already in place and he could not adjust her salary at that time.

24.    Parker approached Diaber again in January 2008 and Daiber told Parker that he could not promise anything until the next budget.

25.    By August 2008, over a year subsequent to when Parker first brought the discrepancy in her salary and McGivern's salary for the same job to Diaber's attention, Parker's salary had still not been increased.

26.    Parker approached Daiber again in early fall of 2008 about the salary differences between her and McGivern.

27.    Daiber told Parker that if she wanted more money that she could work the additional two (2) months per year.

28.    Parker told Daiber she should not have to work extra months to earn more money.

29.    On or about August 12, 2008, Parker contacted MCROE Personnel Director, Chris Sillery ("Sillery") about Diaber's proposal that she work an additional two (2) months per year to earn more money even though McGivern only worked ten (10) months.

30.    Sillery looked up Parker's and McGivern's salaries and confirmed to Parker that there was a large discrepancy in the salaries of the two Youth Advocates.

31.    In a posting in or about June 2008 on the St. Louis Post Dispatch website, McGivern's salary for 2008 was listed at $43,035.20.   Parker's was listed at $30,742.40.

32.    Sillery informed MCROE Administrator, Joe Parente ("Parente") about the salary discrepancy between Parker and McGivern.

33.    On October 3, 2008, Parker met with Daiber in his office.  At that meeting, Daiber told Parker he would give her a pay increase of $4,000 starting January 2009, but that

was all.

34. Daiber told Parker that the increase would make her salary comparable to other social workers in the area.

35. Parker told Daiber that she was not a social worker.

36. In November 2008, Daiber threatened Parker's job if she continued to complain about the wage-based disparity by telling her that he could terminate her, reduce her hours, or assign McGivern additional duties elsewhere so she would have to cover his youth advocacy duties in addition to her own.

37. Daiber told Parker that if she did not like the situation, she could go find another job.

38. On or about March 2, 2009, Parker's legal counsel requested her personnel file from MCROE.

39. Immediately after this request, Parker was ostracized in the MCROE offices.

40. Parker was routinely excluded from staff meetings and staff members avoided speaking to her.

41. In April 2009, Parker was excluded from a luncheon honoring the professional staff to which Parker had in previous years been invited to attend.

42. In April 2009, a special fund raiser luncheon was held in the MCROE conference rooms to honor a seriously ill county employee.  The entire staff, except Parker, was invited and received a memorandum on the event.

43. On April 17, 2009, Daiber submitted MCROE's grant application for the Truant's Alternative Program.

44. In an attachment to the application, only McGivern was listed as a Youth Advocate.

45.     Daiber attempted to obtain funds only for McGivern.

46.     On May 15, 2009, Daiber informed Parker that the State of Illinois might cut the truancy grant by fifty percent but that he would not have any answers for her until late Summer 2009.

47.     In June 2009, knowing he had not requested funds for Parker, Daiber sent Parker a letter stating she would be laid off as of July 1, 2009.  McGivern was also laid off.

48.     Daiber went on to say to Parker that depending on renewal and level of funding for the Truant's Alternative Program, it might be possible to offer her a position with the program.

49.     Daiber knew at the time he sent Parker the letter that there was no possibility for funds for her employment under the grant as no funds had been requested for her position.

50.     In September 2009, Diaber sent Parker a letter informing her that the level of the Truant's Alternative Program grant funding was insufficient to extend an offer of employment to her for the 2009-2010 fiscal year.

51.     McGivern was reinstated and is currently employed with MCROE as a Youth Advocate in the Truant's Alternative Program.

52.     Defendant knowingly and intentionally paid Parker substantially less than her male counterpart, McGivern.

53.     Defendant retaliated against Parker for complaining of the sex-based wage disparity.

<u>**COUNT I**</u>
**(Title VII: Wage Based Discrimination)**

54.     By the conduct described above, Defendant intentionally discriminated against

Plaintiff in the terms, conditions, and privilege of her employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964.

55.     As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

56.     As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Mary Parker requests judgment as follows:

(A)     For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B)     For compensatory damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C)     For pre-judgment interest;

(D)     For reasonable attorneys' fees and costs of suit; and

(E)     For such other and further relief as the Court deems just and proper.

## COUNT II
### (Title VII:  Retaliation)

57.     By the conduct described above, Defendant intentionally retaliated against Plaintiff for complaining about wage-based sex discrimination, in violation of Title VII of the Civil Rights Act of 1964.

58.     As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

59.     As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff

has and will continue to suffer humiliation, embarrassment, emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Mary Parker requests judgment as follows:

(A)    For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B)    For compensatory damages including, but not limited to, emotional distress, humiliation, and loss of enjoyment of life in an amount to be proven at trial;

(C)    For pre-judgment interest;

(D)    For reasonable attorneys' fees and costs of suit; and

(E)    For such other and further relief as the Court deems just and proper.

## COUNT III
### (Equal Pay Act Violation)

60.    By the conduct described above, Defendant intentionally discriminated against Plaintiff because of her sex, in violation of the Equal Pay Act of 1963 as amended.

61.    Defendant's willfully and knowingly violated Parker's rights under the EPA.

62.    As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

WHEREFORE, Plaintiff Mary Parker requests judgment as follows:

(A)    For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B)    For liquidated damages as allowed under the EPA;

(C)    For pre-judgment interest;

(D)    For reasonable attorneys' fees and costs of suit; and

(E)      For such other and further relief as the Court deems just and proper.

## COUNT IV
**(Retaliation in Violation of the Equal Pay Act)**

63.      By the conduct described above, Defendant intentionally retaliated against Plaintiff because of her sex, in violation of the Equal Pay Act of 1963 as amended.

64.      As a result of Defendant's unlawful and willful acts complained of herein, Plaintiff has and will continue to suffer loss of wages, benefits, and other compensation.

WHEREFORE, Plaintiff Mary Parker requests judgment as follows:

(A)      For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;

(B)      For liquidated damages as allowed under the EPA;

(C)      For pre-judgment interest;

(D)      For reasonable attorneys' fees and costs of suit; and

(E)      For such other and further relief as the Court deems just and proper.

Respectfully submitted,
Mary Parker, Plaintiff


By: s/Shari Rhode_____
Shari Rhode, one of Plaintiff's Attorneys


Attorney(s) for Plaintiff
Shari R. Rhode, #2324598
Kristen L. Glasford #6281800
Rhode & Jackson, P.C.
1405 W. Main
Carbondale, IL.  62901
Phone: (618) 529-8092
Fax: (618) 529-8582
Email: srhode@rhodeandjackson.com