# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARY B. PARKER,**

**Plaintiff,**

**v.**

**MADISON COUNTY REGIONAL**
**OFFICE OF EDUCATION,**

**Defendant.**                                                                 **No. 10-132-DRH**

### ORDER

**HERNDON, Chief Judge:**

       Plaintiff, Mary B. Parker, a former youth advocate for defendant Madison County Regional Office of Education filed a complaint against defendant alleging violations of the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. § 206(d), and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), based on sex discrimination and retaliation. In essence, plaintiff claimed that defendant discriminated against her on the basis of sex by paying her less than a male, Brian McGivern, who held the same position as her and for retaliating against plaintiff for complaining of the sex-based wage disparity. Defendant filed a motion for summary judgment (Doc. 32). For the reasons that follow, the motion for summary judgment is denied.

### I. Background

       Without getting too much into the facts, because many of them are in

dispute, plaintiff was hired by defendant as a secretary in August 1997. At the time of her hire, plaintiff possessed an associate's degree. In 2001, plaintiff was offered the position of youth advocate for the truant's alternative program, a grant funded program, with a starting salary of approximately $12.67 per hour.

In 2004, defendant hired Brian McGivern as a youth advocate for the truant's alternative program at rate of approximately $21.26 per hour. At the time McGivern was hired he possessed a bachelor's degree in history, had completed fifty-nine hours of graduate work in education, and was certified to teach secondary education classes in the Illinois public school system. McGivern was originally hired by defendant on September 1, 1993, for the youth advocate position. Questions of fact exist, however, as to how long McGivern held that position but during the 1997 school year he became employed by defendant as a certified secondary school teacher. While employed as a teacher, his salary was determined by the salary schedule contained in the collective bargaining agreement then in effect.

Sometime in 2007, plaintiff approached Dr. Robert A. Daiber, defendant's regional superintendent, regarding her salary after discovering a pay discrepancy between her pay and McGivern's. Discussions ensued between Dr. Daiber and plaintiff over plaintiff's salary until eventually Dr. Daiber told plaintiff that if she did not like the situation, she could go find another job. On December 1, 2008, plaintiff filed a charge of discrimination based on sex with the Equal Employment Opportunity Commission ("EEOC"), and on May 4, 2009, plaintiff filed an additional charge of discrimination with the EEOC based on retaliation and wage

discrimination. On June 8, 2009, Dr. Daiber wrote a letter to plaintiff and McGivern advising them that it was uncertain whether the grant used to fund their positions would be renewed, and if it is, at what level. Accordingly, plaintiff and McGivern were given notice that they would be laid off as of July 1, 2009. On September 25, 2009, Dr. Daiber wrote a letter to plaintiff, informing her that the grant used to fund her position had been approved, but the level of funding was insufficient to permit him to extend her an offer of employment for the 2009-2010 fiscal year. According to Dr. Daiber's affidavit, "[a]t approximately the same time, a letter was sent to [McGivern] informing him that [Truant Alternative Program (TAP)] grant had finally been approved by the State of Illinois and offering [McGivern] a position as a TAP officer for the school year 2009-2010." (Doc. 31-2). At the time plaintiff was last employed as a youth advocate for defendant, she was earning $16.32 per hour, a rate which she accrued over the course of several raises since 2004. Plaintiff also received education benefits during her employment with defendant, specifically defendant made payments to McKendree college for classes plaintiff was taking there.

On February 18, 2010, plaintiff filed a complaint (Doc. 2) against defendant, alleging four counts: 1) sex based discrimination in violation of Title VII; 2) retaliation in violation of Title VII; 3) sex based discrimination in violation of the EPA; and 4) retaliation in violation of the EPA. On April 29, 2010, defendant filed an answer (Doc. 6) to plaintiff's complaint, and on May 17, 2010, defendant filed an amended answer (Doc. 13).

On May 20, 2011, defendant filed a motion for summary judgment (Doc.

31) along with a memorandum in support thereof (Doc. 32). Attached to the motion were two affidavits and fourteen exhibits. Exhibit one is the affidavit of Brian McGivern. Exhibit number two is the affidavit of Dr. Daiber. Exhibit three is comprised of the teacher certification records for McGivern; exhibits five through seven contained various of McGivern's files held by defendant; exhibit eight is composed of various communications between superintendent Daiber and plaintiff regarding her termination; exhibit nine contained documents related to education benefits paid to McKendree College for plaintiff ; exhibit ten consisted of documents related to Harry A. Briggs position as regional superintendent of defendant; exhibits eleven through twelve contained various of plaintiff's files held by defendant; the exhibit at document thirty-three is plaintiff's response to defendant's first request to admit; the exhibit at document thirty-four is defendant's first request to admit; the exhibit at document thirty-five is plaintiff's deposition; and the exhibit at document thirty-seven is plaintiff's first response to defendant's first set of interrogatories.

On March 8, 2011, plaintiff filed a response (Doc. 44) to defendant's motion for summary judgment. Attached to plaintiff's response were three exhibits: 1) Exhibit A is Dr. Daiber's deposition; 2) Exhibit B is McGivern's new hire sheet indicating that McGivern was to start September 6, 2004, at a rate of $21.2615 per hour; and 3) Exhibit C is the deposition of Christine Sillery, the manager of personnel services for Madison County. No reply brief was filed.

## II. Standard of Review

Summary judgment is appropriate only when "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Analysis

Defendant alleges in its motion for summary judgment and memorandum in support thereof that summary judgment should be entered in its favor on all counts brought against it. In making this contention, defendant organized its brief in support of its motion for summary judgment (Doc. 32) by combining its argument for counts I and III together and counts II and IV together. As stated above, plaintiff's count I alleged sex based discrimination in violation of Title VII and count III alleged sex based discrimination in violation of the EPA. Plaintiff's counts II and IV alleged retaliation claims against defendant based upon

the conduct allegedly violated in counts I and III. The Court will address the arguments as defendant has presented them.

Before addressing those arguments, however, defendant also argues in its motion for summary judgment that judgment should be entered in its favor because "there is no genuine dispute as to each of the facts contained in each of the 27 paragraphs in the [d]efendant's [f]irst [r]equest to [a]dmit." Defendant contends that plaintiff only denied one of the twenty-seven paragraphs contained in the request to admit and either admitted or stated that plaintiff was without sufficient information to either admit or deny the accuracy of those facts contained in the other twenty-six paragraphs. Defendant avers that because plaintiff was in possession of documents that contained the information that provided plaintiff with a reasonable and good faith basis to either admit or deny the truth of the fact stated, plaintiff has not answered in good faith and has admitted the truth of all the other facts stated in the remaining twenty-six paragraphs of defendant's request to admit. Plaintiff counters by arguing that there is no lack of goof faith in plaintiff's answers; defendant just does not like plaintiff's answers. Further, plaintiff contends that if defendant believed plaintiff's responses were somehow inadequate, defendant was required to address that with plaintiff, and if still dissatisfied, bring the matter to the Court.

Pursuant to Federal Rule of Civil Procedure 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or

deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). Rule 36(a)(6) specifically provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6).

Here, defendant did not move to determine the sufficiency of plaintiff's answer to defendant's request to admit and the Court will not construe plaintiff's responses that she was without sufficient information to admit or deny as an admission when considering defendant's motion for summary judgment when defendant could have moved to determine the sufficiency of plaintiff's answer prior to the Court considering the motion for summary judgment. Doing so would be unfair to plaintiff. Accordingly, plaintiff's responses that she was without sufficient information to admit or deny will not be deemed as admissions for purposes of ruling on defendant's motion for summary judgment.

*A. Defendant's Motion for Summary Judgment: Counts I and III*

Despite seeking the dismissal of plaintiff's sex based discrimination claims under both Title VII (count I) and the EPA (count III), defendant only references the EPA in its motion for summary judgment and memorandum in support thereof with regard to those counts. In fact, defendant's only argument whatsoever with regard to Title VII as it pertains to counts I and III occurs in its motion for summary judgment when it contends that "[h]aving determinated that the pay differential between the [p]laintiff and Brian McGivern existed for legitimate

reasons and not as a pretext for wrongful discrimination, the Title VII action also must fail." Even if plaintiff's EPA and Title VII claims are identical, however, Title VII is an independent and distinct remedy with its own requirements. *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 703-04 (7th Cir. 2003).

Under the Local Rules of the United States District Court for the Southern District of Illinois (the Local Rules), particularly Rule 7.1, motions for summary judgment shall be supported by a brief and "[a]ll briefs shall contain a short, concise statement of the party's position together with citations to relevant legal authority and to the record." SDIL-LR 7.1(c)-7.1(d). "Allegations of fact not supported by citation may, in the Court's discretion, not be considered." *Id.* at (d). "Any brief in support of or in opposition to a motion for summary judgment shall contain citation to relevant legal authority and to the record, together with any affidavits or documentary material designated pursuant to Federal Rule of Civil Procedure 56 supporting the party's position." SDIL-LR 7.1(e). The Seventh Circuit has recognized the importance of local rules and has consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment. *Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (citing, e.g., *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002)). Here, defendant has failed to cite relevant legal authority, or any legal authority for that matter, with regard to its Title VII claim. Accordingly, defendant's motion for summary judgment with regard to plaintiff's Title VII claim, i.e., count I, is denied.

Defendant's argument with regard to its EPA claim does not fair much better. First, the Court assumes that defendant believes that plaintiff has established a prima facie case of a violation of the EPA because defendant's argument jumps straight to defendant's burden to prove one of four statutory affirmative defenses. See *Cullen*, 338 F.3d at 702. Those affirmative defenses are as follows:

> "No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex:" 29 U.S.C. § 206(d)(1).

"These are affirmative defenses on which the employer bears the burden of proof (persuasion)." *Fallon v. State of Ill.*, 882 F.2d 1206, 1211 (7th Cir. 1989). "The justification need not be a 'good reason,' but merely a gender-neutral one." *Warren v. Solo Cup Co.*, 516 F.3d 627, 630 (7th Cir. 2008) (citing *Wernsing v. Dep't of Human Servs.*, 427 F.3d 466, 468 (7th Cir. 2005)). "The justification 'must also be bona fide. In other words, an employer cannot use a gender-neutral factor to avoid liability unless the factor is used and applied in good faith; it was not meant to provided a convenient escape from liability.'" *Warren*, 516 F.3d at 630 (quoting *Fallon*, 882 F.2d at 1211).

Defendant contends that the seniority system and any other differential not based on sex defenses apply. The Court disagrees. In fact, defendant's entire

argument in its brief consists of four paragraphs, stating:

> "The facts established by a preponderance of the evidence in the Defendant's First Request to Admit, the documents cited in the Defendant's Motion for Summary Judgment and the affidavits of Brian McGivern and Dr. Robert Daiber obviously fall within the provisions of items 1 and 4 of the statute.
>
> The findings of fact requested in paragraph 8a-g of the Defendant's Motion for Summary Judgment are surely legitimate reasons under the Equal Pay Act provisions noted above for the difference in wages paid the Plaintiff and Brian McGivern and therefore no liability under the Act can be established.
>
> Moreover, no evidence exists whatsoever that the actions of the Defendant at any time were done as a pretext for wrongful discrimination. In fact, the evidence clearly establishes Robert A. Daiber, the Madison County Regional Superintendent of Schools, had no intent whatsoever to discriminate or retaliate against the Plaintiff and had every desire and wish to treat the Plaintiff fairly and consistent with the treatment given other employees.
>
> For instance, Robert A. Daiber authorized salary increases for the Plaintiff from $14.41 to $14.78 on August 14, 2007, and from $14.78 to $16.32 on December 1, 2008. See Defendant's Bates page numbers 0453 & 0435."

The Court will address each paragraph in turn. First, paragraph one is nothing more than a legal conclusion that is unsupported by any specific citation to the record. Merely referencing defendant's exhibits in whole, without specific citation, and then stating that "obviously" two defenses apply is not enough to meet defendant's burden. Paragraph two on the other hand seems to be in support of defendant's position that the any other differential not based on sex defense applies. In this paragraph, defendant refers the Court to "paragraph 8a-g" of defendant's motion for summary judgment, but paragraph eight in defendant's motion summary

judgment does not contain any subparagraphs labeled a through g. Again, nothing more than a legal conclusion without specific citation to the record is provided. Worse yet, paragraphs three and four seem completely irrelevant to any argument in support of defendant's position that one of its named affirmative defenses apply. Accordingly, defendant's motion for summary judgment as to plaintiff's EPA count, i.e., count III, is denied.

Furthermore, the Court would come to the same conclusion even if defendant had properly developed its argument. In its motion for summary judgment, defendant presents evidence that establishes that Brian McGivern was first employed by defendant on September 1, 1993, and that plaintiff was first employed by defendant on August 27, 1997. Defendant also presents evidence that at the time McGivern was hired he possessed a bachelor of arts degree and had completed fifty-nine hours of graduate work and that at the time plaintiff was hired plaintiff had an associate's degree. Defendant also established that at the time McGivern was first employed, he was certified to teach secondary education classes in the Illinois public school system and that plaintiff was not. Defendant contends that these material facts establish that McGivern had seniority over plaintiff as to date of hire and had three more years of employment with defendant than plaintiff. Defendant also seems to imply that because McGivern had more education, was certified to teach, had six years of teaching experience, was a member a collective bargaining unit during his tenure as a teacher during the school years from 1997-98 to 2003-04, and because plaintiff received over $40,000 in education tuition reimbursement benefits between

the Fall of 2001 and the Fall of 2004 that the any other differential not based on sex defense applies. The Court disagrees, finding material issues of fact preclude summary judgment.

First, there are material questions of fact in dispute regarding McGivern's seniority. While defendant contends that McGivern was employed as a youth advocate for the school years 1993 through 1997 and from 2004 to 2009, and that he was employed by defendant as a school teacher from 1997 to 2004, there is a letter from McGivern to Harry Briggs, who at the time was defendant's regional superintendent of schools, that indicates that McGivern accepted a teaching position with the Jerseyville school district and resigned from his position as a youth advocate on August 24, 1994. (Doc. 31-6, p. 40 of 48). Plaintiff, on the other hand, started working for defendant in 1997 and started working as a youth advocate in 2001. Construing the facts and drawing all inferences in plaintiff's favor, leaves the Court to conclude that a genuine issue of material fact exists as to who had more seniority with regard to the youth advocate position. If plaintiff was employed by defendant as a youth advocate since 2001, she would have more seniority than McGivern as to that position since he was not hired for that position until 2004, and questions of fact exist as to what years McGivern was employed by defendant prior to 2004 and how many of those years he was a youth advocate as opposed to a teacher, the salary of which was controlled by the collective bargaining agreement in place.[1] Furthermore,

---

[1] This is not to say that defendant could not consider McGivern's salary as a teacher in determining his salary as a child advocate. See *Covington v. S. Ill.*

defendant has failed to cite to anything in the record that would support that defendant had a seniority policy in place.

Second, the Court also finds material questions of fact exist regarding defendant's attempt to establish that the any other differential not based on sex defense applies. This affirmative defense is a broad "catch-all" exception and embraces an almost limitless number of factors, so long as they do not involve sex. *Fallon*, 882 F.2d at 1211. The factor other than sex does not have to be related to the requirements of the particular position in question or that it be a business-related reason. *Id.* It must, however, be bona fide and applied in good faith. *Id.*

While defendant seeks to establish that the pay differential was justified based upon McGivern's higher level of education, teaching certificate, and teaching experience, and while under the EPA, differences in education and experience may be considered factors other than sex, *Warren*, 516 F.3d at 630, defendant has failed to meet its burden of showing that it applied these factors in good faith and in a nondiscriminatory manner. Defendant has failed to cite to anything in the record that would support defendant's argument that McGivern was paid more as a child advocate because he had a higher level of education, teaching certificate, and teaching experience. Defendant has not alerted this Court to any policy in place or to anything

---

*Univ.*, 816 F.2d 317, 323 (7th Cir. 1987) ("The present employer should be permitted to consider the wages it paid an employee in another position unless this policy is discriminatorily applied or unless there is evidence independent of the policy which establishes that the employer discriminates on the basis of sex."). Defendant has just failed to produce anything in the record that it did consider McGivern's salary as a teacher in determining his salary as a youth advocate.

that would support that the reason superintendent Briggs hired plaintiff as a child advocate in 2001 at $12.67 an hour and McGivern in 2004 at $21.26 an hour was because McGivern had more education, a teaching certificate, and experience. In fact, the record indicates that in 2009 plaintiff was still earning significantly lower per hour than what McGivern started earning when he was hired in 2004. Drawing all inferences in plaintiff's favor also creates a question of fact as to plaintiff's current education level. While she had an associate's degree when she was hired in 1997, the record suggests that plaintiff was pursuing a bachelor's degree while employed for defendant. Thus, defendant's argument fails in this regard as well.

Defendant also argues, again without citation to any legal authority, that the statements made by plaintiff in her deposition concerning not making any allegation of willful discrimination or any other allegations of improper or wrongful conduct on the part of Harry Briggs in the setting of plaintiff's and McGivern's compensation constitutes a complete abandonment by plaintiff of any claim under the EPA. Again, by failing to cite to any relevant legal authority, defendant has effectively waived this argument. See SDIL-LR 7.1(e). In any event, "the EPA does not require proof of discriminatory intent." *Cullen*, 338 F.3d at 699.; *Fallon*, 882 F.2d at 1213. Thus, defendant's motion for summary judgment with regard to counts I and III are denied.

### *B. Defendant's Motion for Summary Judgment: Counts II and IV*

As to counts II and IV, defendant contends that summary judgment should be entered against plaintiff because the harassment-mistreatment damages

allegedly suffered by plaintiff as identified by plaintiff in her response to defendant's first set of interrogatories and her deposition testimony do not rise to the level of materially adverse action as required by Title VII. Defendant also contends that summary judgment should be entered against plaintiff on the grounds that no evidence exists establishing a prima facie case for unlawful retaliation because plaintiff has no direct evidence that establishes, without resort to inference and circumstantial evidence, a retaliatory motive on the part of the decision-makers of defendant and because plaintiff has failed to produce evidence that other similarly situated employees who had not filed a claim against defendant were treated more favorably than plaintiff. Defendant further argues that even if plaintiff established all the required elements to make out a prima facie case, if the employer presents unrebutted evidence of a non-invidious reason for the employment, the employer is entitled to summary judgment unless there is a material issue of fact as to whether the employer's non-invidious reason is a pretext for retaliation. Specifically, defendant contends that McGivern's unrebutted seniority establishes as a matter of law a non-invidious reason for the failure of defendant to offer plaintiff a position for the 2009-10 school year, and there is absolutely no evidence the seniority of McGivern was utilized by defendant as a pretext for retaliation.

    This time, rather than failing to cite to Title VII in support of its motion for summary judgment, defendant's motion and brief has failed to cite the EPA with regard to plaintiff's retaliation claim (count IV) in violation of the EPA. Accordingly, this argument is deemed waived and will not be considered by the Court. See SDIL-

LR 7.1(e); see also *Koszola*, 385 F.3d at 1109.

As to defendant's argument with regard to plaintiff's Title VII retaliation claim (count II), defendant's motion for summary judgment is also denied. "Title VII's anti-retaliation provision makes it unlawful for an employer to 'discriminate against' an employee 'because he has opposed any practice made an unlawful employment practice' by the statute or 'because he has made a charge, testified, assisted, or participated in [a relevant] investigation, proceeding, or hearing.'" *Bouhmehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007) (quoting 42 U.S.C. § 2000e-3(a)). There are two distinct ways a plaintiff can establish a prima facie case for unlawful retaliation to avoid summary judgment in favor of the employer: the direct or indirect method of proof. *Bouhmehdi*, 489 F.3d at 792. Under the direct method, a plaintiff can prove retaliation by presenting direct evidence, i.e., evidence that establishes without resort to an inference from circumstantial evidence, that plaintiff engaged in protected activity (e.g., filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains. *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 559 (7th Cir. 2004) (citing *Stone v. City of Indianapolis Public Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002)). Under the indirect method, a plaintiff needs to establish that, after filing a charge, the plaintiff was subjected to an adverse employment action even though he was performing his job satisfactorily and no similarly situated employee who did not file a charge was subjected to the adverse employment action. *Hudson*, 375 F.3d at 559. Specifically, a plaintiff can establish a prima facie case of sex discrimination

under Title VII relying on indirect evidence of discrimination by showing that "1) she was a member of a protected class, 2) she was meeting her employer's legitimate expectations, 3) she suffered an adverse employment action, and 4) the employer treated a similarly situated man more favorably." *Cullen*, 338 F.3d at 704.

"Under Title VII, a plaintiff bears the burden of proof at all times." *Fallon*, 882 F.2d at 1213. "But when a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action." *Id.* "If that is done, the plaintiff must then prove the proferred reason is a pretext for discrimination." *Id.* "The risk of nonpersuasion, then, is always (except for a few exceptions) on a Title VII plaintiff." *Id.*

Defendant's argument that plaintiff failed to present any direct evidence to establish a prima facie case of retaliation is a non-starter as plaintiff seeks to establish that she established a prima facie case of sex discrimination under Title VII utilizing the indirect method by showing 1) that she is a member of a protected class, i.e., a woman, 2) that defendant admitted her performance was not an issue, 3) that defendant admitted a pay disparity existed between plaintiff and McGivern, and 4) that defendant treated McGivern, a male, more favorable by paying him more for the same job. Defendant does not question that plaintiff is a member of a protected class and that she was performing her job satisfactorily. The parties dispute, however, whether defendant took any adverse action against plaintiff or whether she was treated differently from similarly situated male employees.

First, the Court finds that plaintiff has established that she suffered an adverse action in that she was laid off after filing a charge of discrimination and was not offered a position as a youth advocate the following school year. As to whether plaintiff was treated differently than McGivern, the Court finds that by showing that McGivern was offered the youth advocate position while she was not after both were laid off is sufficient to establish that she was treated differently than her similarly situated male counterpart. Thus, plaintiff has met her burden of establishing a prima facie case of retaliation under Title VII but the Court's inquiry does end there. The Court's attention now turns to whether defendant has established a legitimate non-discriminatory reason for its action. Defendant contends that McGivern's unrebutted seniority establishes this, but as the Court found previously found, questions of act exist as to who had more seniority. Accordingly, defendant's motion to for summary judgment as to count II is also denied.

## IV. Conclusion

For the reasons stated above, defendant's motion for summary judgment (Doc. 32) is denied.

**IT IS SO ORDERED.**

Signed this 30th day of August, 2011.

Digitally signed by David R. Herndon
Date: 2011.08.30 13:26:41 -05'00'

**Chief Judge**
**United States District Court**