## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARY B. PARKER,**

**Plaintiff,**

**v.**

**MADISON COUNTY REGIONAL OFFICE OF EDUCATION,**

**Defendant.**                      **No. 10-132-DRH**

### ORDER

**HERNDON, Chief Judge:**

Currently there are five pending motions before the Court: 1) plaintiff's motion for leave to file motion for judgment on the pleadings as to count III (Doc. 67); 2) plaintiff's motions in limine (Doc. 68); 3) defendant's second motion to amend/correct answer (doc. 70); 4) plaintiff's motion to strike second motion to amend/correct answer (doc. 71); and 5) plaintiff's motion for leave to file/submit final pretrial order unilaterally (doc. 72). The last motion (Doc. 72) is denied as moot as the Court has already instructed the parties to file a new final pretrial order following its rulings on these other motions. For the reasons that follow, plaintiff's motion for leave to file motion for judgment on the pleadings as to count III (Doc. 67) is denied, plaintiff's motions in limine (Doc. 68) are granted in part and denied in part, defendant's second motion to amend/correct answer (Doc. 70) is granted in part and denied in part, and plaintiff's motion to strike second motion to amend/correct answer (Doc.

71) is denied.

## I. Background

This suit was filed on February 18, 2010 (Doc. 2). Defendant filed its answer on April 29, 2010 (Doc. 6), and an amended answer on May 17, 2010 (Doc. 13), but failed to raise any affirmative defenses. Nevertheless, on January 20, 2011, defendant filed a motion for summary judgment (Doc. 31) as to all claims, arguing that summary judgment should be entered in its favor because the pay differential between plaintiff and McGivern existed for legitimate reasons and not as a pretext for wrongful discrimination, and because the seniority of McGivern over plaintiff establishes as a matter of law a non-invidious reason for the failure of defendant to offer plaintiff a position for the 2009-2010 school year.

On August 30, 2011, the Court entered an order denying defendant's motion for summary judgment (Doc. 49). The next day, the Court set the matter for a final pretrial conference on November 22, 2011. Plaintiff moved to continue the final pretrial conference (Doc. 51), and the Court granted that request, setting it for January 5, 2012. Thereafter, defendant moved to continue the final pretrial conference (doc. 53), which the Court granted, continuing the matter until February 16, 2012.

On December 22, 2011, over three and a half months from the time the Court denied defendant's motion for summary judgment, defendant filed a motion for leave to file a second amended answer (Doc. 57). Plaintiff opposed the motion (Doc. 59), and on January 3, 2012, Magistrate Judge Williams issued an order denying

defendant's motion for leave to amend, finding that defendant failed to provide any reason for the need to amend and that an amendment to add affirmative defenses at this late stage of the litigation would be prejudicial to plaintiff. Defendant did not appeal Magistrate Judge William's decision. Rather, the parties informed Magistrate Judge Williams that they believed a settlement conference may be productive and one was held on February 16, 2012. Settlement, however, was not reached. Therefore, the Court scheduled the matter for a final pretrial conference on April 19, 2012.

On March 22, 2012, plaintiff filed a motion for leave to file a motion for judgment on the pleadings as to count III (Doc. 67). Plaintiff asks the Court to enter judgment on the pleadings on plaintiff's equal pay complaint because defendant failed to file any affirmative defenses and the recent Seventh Circuit case, *King v. Acosta Sales & Marketing, Inc.*, No. 11-3617, 2012 U.S. App. LEXIS 5156, 2012 WL 807199 (7th Cir. March 13, 2012), allegedly held that "[a]n employer [in an Equal Pay case] asserting that the difference [in pay] is the result of a 'factor other than sex' must present this contention as an affirmative defense . . . ."

On March 28, 2012, plaintiff filed motions in limine (Doc. 68). On April 5, 2012, defendant filed a response to plaintiff's motion for leave (Doc. 69) and a second motion for leave to file a second amended answer (Doc. 70). In it, defendant contends that *King* "is not applicable to the facts and circumstances herein as it involves the reversal on appeal of a grant a [sic] of summary judgment motion in favor of the employer. The case does not involve or discuss the circumstances under which a Motion to Amend pursuant to Rule 15 should be granted or denied."

In defendant's motion for leave to file a second amended answer, defendant contends that Magistrate Judge Williams order denying defendant's motion to amend its first amended answer (Doc. 60) was clearly erroneous or contrary to law. Plaintiff has filed a motion to strike defendant's second motion for leave to file a second amended answer as untimely (Doc. 71). Plaintiff argues that while captioned as a motion for leave to file, defendant's motion is actually an appeal of Magistrate Judge Williams' order of January 3, 2012, which is untimely.

The second motion for leave was filed approximately three months following Magistrate Judge William's order denying defendant's motion for leave to amend. In that motion, defendant seeks leave to add twenty-nine paragraphs of defenses, ranging from mitigation, to timeliness, to a multitude of other reasons for why plaintiff was fired and not paid as much as her male counterpart. Plaintiff has filed a motion to strike defendant's second motion for leave to file a second amended answer as untimely (Doc. 71), and motions in limine that seeks to preclude evidence of many of the issues raised in defendant's proposed amended answer.

## II.  Analysis

Magistrate Judge Williams' decision to deny defendant's motion for leave to amend defendant's answer is a non-dispositive matter that defendant could have appealed within fourteen days after issuance. SDIL-LR 73.1 ("Any party may appeal a Magistrate Judge's order determining a motion or matter within 14 days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge."). For whatever reason, defendant did not

appeal Magistrate Judge Williams' order, which the Court would have reviewed for clear error and whether his decision was contrary to law. See 28 U.S.C. § 636(b)(1)(A). Instead, defendant waited approximately three months and a few weeks before the final pretrial conference to file a second motion for leave to amend its answer. Had defense counsel not raised the issue, albeit three months' late, his failure to object to the magistrate's ruling would have waived the right to appeal that issue. *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996) ("It is well established in this circuit, as it is in most others, that failure to file objections with the district judge waives the right to appeal all issues, both factual and legal.") Nonetheless, the Court is still in the position to rule on defendant's motion. See *Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other legal standard."); *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1985) ("Case law has emphasized that under the Federal Magistrates Act the judge always retains authority to make final determinations. [Citations]. Since the judge retains final authority, he 'may freely reject the magistrate's recommendation,' [citation], and, even when no objection was made, he may make a de novo determination. [Citations]."); SDIL-LR 73.1 ("A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule."). In doing so, the Court must keep the ends of justice in mind. See *United States v. Brown*, 79 F.3d 1499, 1504-05 (7th Cir. 1996); see also *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir.

1994) (declining to extend the Seventh Circuit's "rule barring appeal when objections to the magistrate judge's recommendation [were] not filed with the district judge to a case in which the filing was not egregiously late and caused not even the slightest prejudice to the appellees.").

Generally, "[o]nce the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). "'A defendant should not be permitted to "lie behind a log" and ambush a plaintiff with an unexpected defense.'" *Id.* at 968 (citing *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987)). Failure to timely assert an affirmative defense may result in a finding by the Court that defendant waived the defense. *Venters*, 123 F.3d at 968. Nevertheless, "'[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 570 (7th Cir. 2011) (quoting *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003)). When the parties raise the issues before the Court, however, technical failure to plead is not fatal to the party's ability to raise the defense. *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994) (citing *Devalk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1996)); see also *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) (recognizing that the Seventh Circuit has held that a delay in asserting an affirmative defense waives the defense only if the plaintiff is harmed as a result).

Here, the Court's rulings center largely around whether or not the Court is

going to allow defendant to amend its answer to raise some, or any, of the affirmative defenses defendant attempts to raise in its proposed second amended answer. In defendant's proposed second amended answer, defendant adds the following twenty-nine paragraphs of affirmative defenses:

> 1. Any amount which Plaintiff claims is due and owing for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiffs [sic] damage claims must be reduced.
> 2. Pursuant to the laws of the State of Illinois, Plaintiff was an at-will employee of Defendant subject to termination at any time for any reason or no reason at all.
> 3. Defendant exercised appropriate business judgment In [sic] making any and all employment decisions concerning Plaintiff.
> 4. Some or all of Plaintiff s [sic] claims contained in Plaintiffs [sic] Complaint are frivolous, unreasonable, and vexatious, thereby entitling Defendant to an award of costs and attorneys' fees incurred in defense of this action.
> 5. Plaintiff's claims for discrimination are barred because she was not subjected to any adverse employment decision because of sex.
> 6. Plaintiff's claims for retaliation are barred because she was not subjected to any adverse employment decision because of any protected activity.
> 7. Any and all employment actions taken with respect to Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory business reasons, in good faith, without malice, and without outrageous conduct.
> 8. Plaintiff is not entitled to recover punitive, liquidated, or exemplary damages because Defendant has at all times endeavored in good faith to comply with the provisions of all applicable federal and state law.
> 9. Plaintiff is not entitled to recover punitive, liquidated, or exemplary damages because Defendant did not act with malice or reckless indifference to Plaintiff s [sic] statutory rights.
> 10. Any claim for punitive damages is barred because any

award of punitive damages would constitute a denial of substantive due process and procedural due process in violation of the Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution.

10. To the extent Plaintiff failed to take advantage of the complaint procedure at her place of employment her claims are estopped or waived by her own actions.

11. Plaintiff's damages, if any, were caused by her own conduct.

12. Some or all of the claims alleged in the Complaint may be barred by the applicable statute of limitations.

13. To the extent evidence is acquired after Plaintiffs [sic] employment ended, which would provide a basis for her termination, Plaintiff is barred from recovery.

14. Plaintiff is not entitled to a jury trial on claims for back pay, front pay, interest or equitable relief.

15. Defendant requests a jury of twelve in the event this matter proceeds to trial.

16. To the extent that Plaintiff was involved in any improper activities occurring during her employment, or failed to properly notice and act upon any such activities, Plaintiff is estopped from recovering for her claims.

17. Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

18. To the extent Plaintiff is unable to prove that Defendant knew or should have known of the alleged harassment, she is barred from recovering from Defendant.

19. At all times relevant hereto, Defendant had a specific policy against unlawful discrimination and harassment in the work place and such policy was well-known to employees.

20. Notwithstanding Defendant's general denials and previous defenses herein, and without admitting Plaintiff s [sic] averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor.

21. Plaintiff has asserted no facts which would support a claim for punitive damages and has therefore failed to state a claim upon which relief can be granted for punitive damages.

22. To the extent Plaintiff's EPA claims are based on conduct accruing more than two years before the filing of the Complaint, Plaintiff s [sic] claims are barred by the statute of limitations.

23. To the extent Plaintiff establishes that she was paid at a rate less than the rate at which Defendant paid wages to male employees for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which were performed under similar working conditions, any such differential was because of "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

24. All actions taken were for good cause and in good faith and were based on reasonable factors other than gender.

25. All claims based upon allegations that are beyond the scope of the administrative charge(s) of discrimination filed by Plaintiff or outside the scope of a reasonable investigation arising out of said charge(s) are barred and fail to state a claim upon which relief may be granted.

26. All events which occurred more than 180 days prior to the filing of Plaintiff's charge of discrimination with the EEOC are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events that occurred more than 180 days prior to the filing of her charge of discrimination.

27. In the alternative, all events which occurred more than 300 days prior to the filing of Plaintiff's charge of discrimination with the EEOC are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events that occurred more than 300 days prior to the filing of her charge of discrimination.

28. Article 3, Section 3-15.6 of the Illinois School code provides in pertinent part as follows:

"…non-clerical employees shall be persons versed in the principles and methods of education, familiar with public school work, competent to visit schools and certification pursuant to this Code if their duties are comparable to those for which certification is required by this Code." See 105 ILCS 5/3-15.6.

29. Defendant reserves the right to assert any and all additional defenses as may become apparent during the course and trial of this matter.

Plaintiff seeks to bar any evidence on many of these issues raised in defendant's proposed affirmative defenses. In plaintiff's motion in limine (Doc.

68), plaintiff seeks to exclude evidence regarding sixteen different issues: 1) "college degree"; 2) "teaching certificate"; 3) "failure to mitigate"; 4) "earnings subsequent to termination"; 5) "at-will"; 6) "business judgment"; 7) "business reasons"; 8) "good faith"; 9) "plaintiff's conduct caused damages"; 10) "after-acquired evidence"; 11) "estoppel"; 12) "plaintiff's failure to take corrective action"; 13) "defendant's policy"; 14) "mixed motive"; 15) "factor other than sex"; and 16) "defendant's good faith."  (Doc. 68).

      At issue is whether defendant has waived the affirmative defenses it seeks to raise and whether plaintiff would be prejudiced by allowing defendant to amend its second amended answer to raise those defenses.  When defendant previously attempted to amend its answer to add these affirmative defenses, Magistrate Judge Williams found that "allowing an amendment at this stage of the litigation in order to add previously undisclosed affirmative defenses would be highly prejudicial to [p]laintiff as it would prevent her from now conducting any discovery as to any newly added affirmative defenses."  (Doc. 60).  Further, Judge Williams concluded that it would be prejudicial to plaintiff "as she would have little time and opportunity to prepare and defend against an unexpected defense."  (Doc. 60).

      To the extent that defendant attempts to "add previously undisclosed affirmative defenses" and "unexpected defenses," the Court agrees with Magistrate Judge Williams and therefore denies any affirmative defenses that have not been fairly raised thus far in the litigation.  Nevertheless, considering the interests of

justice, and despite the Court's disapproval of defendant's conduct in failing to timely appeal the magistrate's decision and timely move to amend its answer in the first place, the Court will allow those affirmative defenses that have been fairly raised thus far in the litigation, that plaintiff has prepared against and will not cause any additional discovery, and that will not prejudice plaintiff.  Accordingly, the Court will permit defendant to amend its second amended answer to add the affirmative defenses related to plaintiff's mitigation of damages and defendant's "business judgment," "good faith," and "reasonable factors other than gender," as set forth in paragraphs one, three, five, seven, fifteen, twenty-three, and twenty-four of defendant's proposed second amended answer.  Those issues have already been raised in this litigation and in defendant's motion for summary judgment. See *Matthews*, 642 F.3d at 570 ("'The failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it.'") (quoting *Carter*, 333 F.3d at 796).  All other affirmative defenses that have not be fairly raised up to this point are not allowed because allowing them to be raised at this stage of the litigation would be highly prejudicial to plaintiff.  See *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002) (holding that the denial of defendant's motion to amend its answer was proper because defendant failed to act with diligence and the proposed amendment would have injected a new issue into the case on the eve of trial); *Venters*, 123 F.3d at 968 (reversing summary judgment in favor of defendants on the statute of limitations defense and remanding for trial after concluding that the

defendants waived their statute of limitations defense when defendants did not mention that defense until they filed their reply in support of its motion for summary judgment, submitted a year after the case was filed).  As the Seventh Circuit stated in *Venters*:

> We cannot overlook the failure to comply with Rule 8(c) in this context.  Intentionally or not, [the plaintiff] was bushwacked.  We recognize that the limitations defense may have been meritorious; and [the plaintiff's] counsel should have had some inkling that the defense might be raised given the date that her own allegations placed on the events central to her free speech claim.  But it was not [the plaintiff's] obligation to raise the defense, and if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff.

*Id.* at 968-69.  Accordingly, defendant's second motion for leave to file a second amended answer (Doc. 70) is granted in part and denied in part.  Defendant may file a second amended answer in compliance with this Order.  Therefore, plaintiff's motion to strike defendant's second motion for leave to file a second amended answer (Doc. 71) is denied.  Plaintiff's motion for leave to file motion for judgment on the pleadings as to count III (Doc. 67) is also denied as untimely and because it would be denied in light of the Court's ruling on defendant's second motion for leave to file a second amended answer (Doc. 70).

With regard to plaintiff's motions in limine (Doc. 68), the Court grants in part and denies it in part as follows: Plaintiff's motions in limine with regard to issues involving  1) college degree, 2) teaching certificate, 3) failure to mitigate, 4) earnings subsequent to termination, 6) business judgment, 7) business reasons, 8)

good faith, 15) factor other than sex, and 16) defendant's good faith are denied. As mentioned above, those issues have been raised in this litigation and are relevant to the case at hand.  Plaintiff's motions in limine as to issues related to 5) at-will, 9) plaintiff's conduct caused damages, 10) after-acquired evidence, 11) estoppel, 12) plaintiff's failure to take corrective action, 13) defendant's policy, and 14) mixed motive are granted to the extent that defendant attempts to present evidence on these issues to establish an affirmative defense.  From the Court's review of the record, it appears that these issues have not been raised in this case, and although potentially relevant, this evidence is excluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. See FED. R. EVID. 403.  Nevertheless, if it can be established that evidence related to these issues is used for the purpose of disapproving plaintiff's case, then the evidence may be admissible for that purpose and may be raised again by defendant for the Court's consideration.  See *Marino v. Otis Eng'r Corp.*, 839 F.2d 1404, 1408 (10 Cir. 1988) ("[A] distinction may be drawn . . . between the introduction of evidence in support of an affirmative defense and the introduction of the same evidence to refute the plaintiff's allegations of causation raised in the complaint and denied in the answer.").

### III. Conclusion

For the reasons stated above,  plaintiff's motion for leave to file/submit final pretrial order unilaterally (doc. 72) is denied as moot, plaintiff's motion for leave

to file motion for judgment on the pleadings as to count III (Doc. 67) is denied, plaintiff's motions in limine (Doc. 68) are granted in part and denied in part, defendant's second motion to amend/correct answer (Doc. 70) is granted in part and denied in part, and plaintiff's motion to strike second motion to amend/correct answer (Doc. 71) is denied. The parties are ordered to complete the final pretrial order in compliance with this judge's case management procedures at least thirty days prior to the trial scheduled for November 5, 2012.

**IT IS SO ORDERED.**

**Signed this 31st day of May, 2012.**

David R. Herndon
2012.05.31
15:02:59 -05'00'

**Chief Judge**
**United States District Court**